IN THE UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| R.W. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:13-cv-02115-SCJ |
| v. | ) | |
| | ) | |
| Board of Regents of the University | ) | |
| System of Georgia, | ) | |
| | ) | |
| Defendant. | ) | |

---

## JOINT PRELIMINARY PLANNING REPORT
## AND DISCOVERY PLAN

Pursuant to N.D. Ga. Local Rule 16.2, Plaintiff R.W. ("Plaintiff" or "R.W.")
and Defendant Board of Regents of the University System of Georgia, hereby
submit this Joint Preliminary Report and Discovery Plan.

1.     **Description of Case:**

(a)     Describe briefly the nature of this action:

This is a civil rights action brought pursuant to Title II of the Americans
with Disabilities Act, 42 U.S.C. § 12132, § 504 of the Rehabilitation Act of 1973, 29
U.S.C. § 701, and 45 C.F.R. § 84.4, arising from the alleged discriminatory

treatment of Plaintiff, an allegedly disabled student enrolled at Georgia State University, by staff of Georgia State University.

(b)      Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

**Plaintiffs factual statement:**

Plaintiff's factual contentions are set forth in paragraphs 6-82 of the *Complaint* [Doc. 1], which Plaintiff hereby incorporates by reference.

**Defendants' factual statement:**

Defendants state that the facts of this case are as follows:  In February 2013, during a consultation at the GSU Counseling and Testing Center, GSU staff learned of facts that raised concerns that Plaintiff might potentially pose a risk to others.  Plaintiff therefore was directed to participate in GSU's mandated risk screening process.  Following the completion of that process, the evaluating psychologist informed the Office of the Dean of Students that Plaintiff presented a significant risk of harm related to his cognitive impairment and his lack of compliance with recommended medication treatment and recommended that Plaintiff receive regular psychiatric care.   Based on this evaluation and recommendation, the Dean of Students conditioned Plaintiff's continued enrollment and residence in student housing on compliance with medical consultation and counseling requirements and the provision to her of regular

reports that Plaintiff was seeing the necessary provider(s) and was complying with any directives from any providers.  GSU has more recently revised the requirements to condition only Plaintiff's residence in student housing on compliance with the requirements.

(c)    The legal issues to be tried are as follows:

1.  Whether Defendant violated the ADA?

2.  Whether Plaintiff suffered damages as a result of Defendant's alleged violations of the ADA and, if so, the amount of such damages?

3.  Whether Defendant violated the Rehabilitation Act?

4.  Whether Plaintiff suffered damages as a result of Defendant's alleged violations of the Rehabilitation Act and, if so, the amount of such damages?

5.  Whether Defendant violated 45 C.F.R. § 84.4?

6.  Whether Plaintiff suffered damages as a result of Defendant's alleged violations of 45 C.F.R. § 84.4 and, if so, the amount of such damages?

7.  Whether the prevailing party in this case will be entitled to an award of attorneys' fees?

8. Whether some or all of Plaintiff's claims are barred by the Eleventh Amendment or sovereign immunity?

9. Whether Plaintiff has standing to pursue some or all of his claims or to obtain all of the relief sought?

10. Whether Plaintiff has a private right of action to pursue some or all of his claims?

(d)    The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:  None.

    (2)    Previously Adjudicated Related Cases:  None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_ (1)    Unusually large number of parties

    \_\_\_\_ (2)    Unusually large number of claims or defenses

    \_\_\_\_ (3)    Factual issues are exceptionally complex

    \_\_\_\_ (4)    Greater than normal volume of evidence

    \_\_\_\_ (5)    Extended discovery period is needed

    \_\_\_\_ (6)    Problems locating or preserving evidence

    \_\_\_\_ (7)    Pending parallel investigations or action by government

    \_\_X\_ (8)    Multiple use of experts

4

____ (9)   Need for discovery outside United States boundaries

____ (10)  Existence of highly technical issues and proof

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

<u>**Plaintiff:**</u>         James Radford
                James Radford, LLC
                545 N. McDonough Street, Suite 212
                Decatur, GA 30030
                (678) 369-3609 (telephone)
                james@jamesradford.com


<u>**Defendant:**</u>       Laura L. Lones
                Assistant Attorney General
                Department of Law, State of Georgia
                40 Capitol Square, S.W.
                Atlanta, Georgia 30334-1300
                Telephone: (404) 463-8850
                E-mail: llones@law.ga.gov


**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

(_X_) Yes                    (_) No

If "yes," please attach a statement, not to exceed one (1) page, explaining
the jurisdictional objection.  When there are multiple claims, identify and discuss
separately the claim(s) on which the objection is based.  Each objection should be
supported by authority.

**5.    Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

**Response:** None.

(b)     The following persons are improperly joined as parties:

**Response:** None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:** None.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**Response**:   None at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.      Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)      *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)      *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)      *Other Limited Motions*:  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)      *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should not include electronically stored information.   Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Response:**  The parties do not object to initial disclosures.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**Response:** The parties do not request a scheduling conference with the Court at this time.

**10. Discovery Period:**

The discovery period commences on or about September 8, 2013, or thirty days after the Defendant appeared by filing its' answer on August 9, 2013. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three discovery tracks: (a) zero months discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Response:** The parties anticipate discovery will be needed regarding: (1) the allegations and claims asserted in Plaintiff's Complaint; (2) the defenses asserted in Defendant's Answer; and (3) any other issues that may become known or relevant during discovery.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Response:** The parties will diligently pursue discovery and do not presently anticipate that additional time will be needed beyond the four-month

discovery period to which the case is assigned.  Each of the parties reserves the

right to request an extension if it becomes necessary.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:** The parties do not anticipate the need for any changes on the

limitations on discovery at this time.

(b)    Is any party seeking discovery of electronically stored information?

(X) Yes                              (___) No

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (*e.g.*, accessibility, search terms, date limitations, or key witnesses) as follows:

**Response:**   The parties anticipate that discovery in this case may include

some electronically stored information.

(2)    The parties have discussed the format for the production of electronically stored information (*e.g.*, Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (*e.g.*, paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Response:**   To the extent discovery of electronically stored information is

necessary, it will be produced in .pdf format or on paper. The parties reserve the

right to request items such as email databases and original electronic versions of documents in the event that some electronically stored information related to the creation, custody, and/or modification of said document (e.g. "metadata") becomes a valid topic of discovery.

In the absence of agreement on the issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:** The parties anticipate entering into an appropriate protective order to govern production of private or confidential information.

**13. Settlement Potential.**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 3, 2013 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:   Lead counsel (signature): */s/ James Radford*

Other participants:       */s/ Jeff Filipovits*

*/s/ Caleb Gross*

For defendant:  Lead counsel (signature): */s/ Laura L. Lones*

Other participants:       */s/ Meeta T. Dama*

All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)  A possibility of settlement before discovery.
( _X_ )  A possibility of settlement after discovery.
(___)  A possibility of settlement, but a conference with the judge is needed.
(___)  No possibility of settlement.

(c)     Counsel (X) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)     The following specific problems have created a hindrance to settlement of this case. <u>None.</u>

**14.    Trial by Magistrate Judge:**

NOTE: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (___) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __ day of _____, 20__.

(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 9th day of September, 2013

/s/ James Radford
James Radford
Georgia Bar No. 108007

/s/ Caleb Gross
Caleb Gross
Georgia Bar No. 960323

James Radford, LLC
545 N. McDonough St., Suite 212
Decatur, Georgia 30030

(678) 369-3609
james@jamesradford.com
caleb@jamesradford.com

/s/ Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553

FILIPOVITS LAW FIRM, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jeff@law.filipovits.com

/s/ Laura L. Lones
Laura L. Lones
Georgia Bar No. 456778

/s/ Meeta T. Dama
Meeta T. Dama
Georgia Bar No. 398137

Georgia Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-8850
Facsimile: (404) 651-5304
llones@law.ga.gov

## STATEMENT REGARDING JURISDICTION

Plaintiff raises no issues regarding jurisdiction.

Defendant acknowledges that Plaintiff's claims are based on federal statutes and a federal regulation, and thus, present a federal question which forms the basis of federal subject matter jurisdiction.

Defendant has two concerns of a jurisdictional nature:

First, Defendant has raised the defense of sovereign or Eleventh Amendment immunity to all of Plaintiff's claims.  While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue sua sponte, it has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar. *See Bouchard Transp. Co. v. Florida Dept. of Environmental Protection*, 91 F.3d 1445, 1448 (11th Cir. 1996).

Second, as Plaintiff already been through the mandated risk screening process, Defendant is unsure as to whether he has standing to seek equitable relief concerning that process or any relief under Counts 4 and 5.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); Preiser v. Newkirk, 422 U.S. 395, 401 (1975); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| R.W. | ) | |
| | ) | |
|      Plaintiff, | ) | Civil Action No. |
| | ) | 1:13-cv-02115-SCJ |
| v. | ) | |
| | ) | |
| Board of Regents of the University | ) | |
| System of Georgia, | ) | |
| | ) | |
|      Defendant. | ) | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2013.


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| R.W. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:13-cv-02115-SCJ |
| v. | ) | |
| | ) | |
| Board of Regents of the University | ) | |
| System of Georgia, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN** has been filed with the Clerk of Court using the CM-ECF system, which will send notification of such filing to all counsel of record

This  9th day of September, 2013.


/s/ James Radford
James Radford
Georgia Bar No. 108007